UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ANJANA BHAGAVAN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>NUTEX HEALTH INC., THOMAS T. VO, JON C. BATES, and WARREN HOSSEINION,<br><br>Defendants. | Case No.: 4:25-cv-03999<br><br>Hon. Charles Eskridge |

**STIPULATION AND [PROPOSED] ORDER APPOINTING CO-LEAD
PLAINTIFFS AND CO-LEAD COUNSEL**

Lead Plaintiff Movants, Gerald F. Cox ("Cox") and Shah Azman Bin Mohamad Ayub Khan ("Khan"), by and through their undersigned counsel, hereby stipulate as follows in support of their request for appointment as Co-Lead Plaintiffs and approval of their selection of Co-Lead Counsel:

WHEREAS, on August 22, 2025, Anjana Bhagavan commenced the above-captioned action (the "Action") alleging violations of the federal securities laws on behalf of a putative class consisting of investors in the securities of Nutex Health Inc. ("Nutex") (*see* Dkt. No. 1);

WHEREAS, as a putative class action alleging violations of the federal securities laws, this Action is governed by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), which provides, *inter alia*, that any putative Class member may move for appointment as Lead Plaintiff in the Action within 60 days of publication of notice of the pendency of the Action—here, on or before October 21, 2025 (*see* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa));

WHEREAS, on October 21, 2025, two members of the putative Class alleged in the Action filed timely, separate motions seeking appointment as Lead Plaintiff in the Action and approval of their respective selections of Lead Counsel for the Action: (i) Cox (Dkt. No. 16); and (ii) Khan (Dkt. No. 18);

WHEREAS, the PSLRA provides, *inter alia*, that the most adequate plaintiff to serve as Lead Plaintiff is, in the determination of the Court, the "person or group of persons" that has the largest financial interest in the relief sought by the class and otherwise satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure

1

("Rule 23") (15 U.S.C. § 78u-4(a)(3)(B)(iii));

WHEREAS, the PSLRA provides that, subject to the approval of the Court, the most adequate plaintiff will select and retain counsel to represent the class (15 U.S.C. § 78u-4(a)(3)(B)(v));

WHEREAS, Cox and Khan have each provided sworn Certifications pursuant to the PSLRA in support of their respective applications for Lead Plaintiff appointment, setting forth, *inter alia*, their transactions in Nutex securities (*see* Dkt. Nos. 17-1; 20-3);

WHEREAS, Cox claims to have sustained losses of approximately $12,964.09 as a result of Defendants' alleged wrongful conduct (*see* Dkt. No. 17-2);

WHEREAS, Khan claims to have sustained losses of approximately $7,130.00 as a result of Defendants' alleged wrongful conduct (*see* Dkt. No. 20-1);

WHEREAS, accordingly, Cox and Khan have each alleged a significant financial interest in the outcome of this litigation;

WHEREAS, Cox and Khan are also each qualified to serve as Lead Plaintiffs in this case given, among other things, their respective Lead Plaintiff motion submissions (Dkt. Nos. 16-20);

WHEREAS, having reviewed one another's submissions to the Court, Cox and Khan believe that they each satisfy the typicality and adequacy requirements of Rule 23;

WHEREAS, after reviewing each other's submissions to the Court, Cox and Khan —as the only movants in contention for appointment as Lead Plaintiff—have decided that it is in the best interests of the Class to join together as Co-Lead Plaintiffs and for their respective selections of Levi & Korsinsky, LLP ("Levi & Korsinsky") and Pomerantz LLP

("Pomerantz") to serve as Co-Lead Counsel, and for Sponsel Miller PLLC ("Sponsel Miller") to serve as Liaison Counsel, in that it will, *inter alia*, allow their counsel to pool their resources to immediately and efficiently commence prosecution of this Action and avoid further delay associated with a protracted lead plaintiff dispute;

WHEREAS, Cox and Khan are committed to supervising the conduct of this litigation by their counsel and to ensuring that counsel coordinate appropriately, prosecute the Action efficiently, and avoid any duplication of effort in the conduct of the litigation; and

WHEREAS, courts have endorsed stipulations among competing Lead Plaintiff movants, like here, as promoting the statutory purposes of the PSLRA, and have permitted "independent lead plaintiff movants [to] join together to help ensure that adequate resources and experience are available to the prospective class in the prosecution of th[e] action and because [e]mploying a co-lead plaintiff structure . . . will also provide the proposed class with the substantial benefits of joint decision-making." *In re Rockwell Med., Inc. Sec. Litig.*, No. 1:16-cv-01691-RJS, Dkt. No. 18 at 2–3 (S.D.N.Y. May 20, 2016) (internal quotation marks omitted) (citing *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co.*, 229 F.R.D. 395, 420 (S.D.N.Y. 2004)); *see also Qawasmi v. American Airlines Group Inc.*, No. 4:24-cv-00763-O (N.D. Tex. Nov. 22, 2024) (Dkt. No. 38) (approving stipulation of competing lead plaintiff movants to serve as co-lead plaintiffs and approving their selection of co-lead counsel); *In re Grab Holdings Ltd. Sec. Litig.*, No. 1:22-cv-02189-VM (S.D.N.Y.), Dkt. No. 39 (same); *In re Altimmune, Inc. Sec. Litig.*, No. 8:24-cv-01315-ABA (D. Md.), Dkt. No. 22 (same); *Pizzuto v. Homology Meds.,*

3

*Inc.*, No. 2:22-cv-01968-FLA (JPRx) (C.D. Cal.), Dkt. No. 38 (same); *Maurer v. Argos Therapeutics Inc.*, No. 1:17-cv-00216-TDS-LPA (M.D.N.C.), Dkt. No. 26 (same); *In re Facebook, Inc. Sec. Litig.*, No. 5:18-cv-01725-EJD (N.D. Cal. Aug. 3, 2018), Dkt. No. 56 at 2 (approving stipulation of lead plaintiff movants where movants "concluded that a protracted dispute concerning lead plaintiff appointment . . . [was] not in the best interests of the class and that jointly prosecuting [the] litigation would be appropriate and assist with the speedy commencement of [the] litigation"); *In re Millennial Media, Inc. Sec. Litig.*, 87 F. Supp. 3d 563, 570–71 (S.D.N.Y. 2015) ("A co-lead plaintiff structure best protects the interests of the class . . . and gives the class the advantages of the combined knowledge, experience, and judgment of both lead plaintiffs." (collecting cases));

IT IS HEREBY STIPULATED AND AGREED THAT, subject to the Court's approval, as follows:

1. Every pleading in this Action, and any related action that is consolidated with this Action, shall hereafter bear the following caption:

UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF TEXAS<br>HOUSTON DIVISION

| IN RE NUTEX HEALTH INC. SECURITIES LITIGATION | Case No. 4:25-cv-03999 |
|---|---|
| THIS DOCUMENT RELATES TO: | <u>CLASS ACTION</u><br><br>[TITLE OF DOCUMENT] |

2. When the document being filed pertains to all actions, the phrase "All Actions"

shall appear immediately after the phrase "This Document Relates To:". When the document applies to some, but not all, of the actions, the document shall list, immediately after the phrase "This Document Relates To:", the docket number for each individual action to which the document applies, along with the name of the first-listed plaintiff in said action;

3. Cox and Khan's motions for appointment as Lead Plaintiff and approval of selection of counsel (Dkt. Nos. 16; 18) are granted, and Cox and Khan are hereby appointed Co-Lead Plaintiffs in this Action and any subsequently filed or transferred actions that are consolidated with this Action, pursuant to 15 U.S.C. § 78u-4(a)(3)(B); and

4. Co-Lead Plaintiffs' selections of Pomerantz and Levi & Korsinsky as Co-Lead Counsel and Sponsel Miller as Liaison Counsel for the Class are hereby approved.

IT IS SO STIPULATED.

Dated: November 4, 2025            Respectfully submitted,

**SPONSEL MILLER PLLC**

<u>*/s/ Thane Tyler Sponsel III*</u>
Thane Tyler Sponsel III
Texas Bar No.: 24056361
520 Post Oak Boulevard, Suite 310
Houston, Texas 77027
Telephone: (713) 892-5400
Facsimile: (713) 892-5401
Email: sponsel@smglawgroup.com

*Liaison Counsel for Gerald F. Cox and Proposed Liaison Counsel the Class*

|  |  |
|---|---|
|  | **LEVI & KORSINSKY, LLP**<br>Adam M. Apton (*pro hac vice* forthcoming)<br>33 Whitehall Street, 27th Floor<br>New York, NY 10004<br>Tel: (212) 363-7500<br>Fax: (212) 363-7171<br>Email: aapton@zlk.com<br><br>*Counsel for Gerald F. Cox and Proposed Co-Lead Counsel for the Class* |
| Dated: November 4, 2025 | **POMERANTZ LLP**<br><br>*/s/ J. Alexander Hood II*_____<br>J. Alexander Hood II (attorney-in-charge)<br>(S.D. Tex. Federal Bar Number 3086579)<br>Jeremy A. Lieberman<br>(S.D. Tex. Federal Bar Number 1466757)<br>600 Third Avenue, 20th Floor<br>New York, New York 10016<br>Telephone: (212) 661-1100<br>Facsimile: (917) 463-1044<br>ahood@pomlaw.com<br>jalieberman@pomlaw.com<br><br>*Counsel for Shah Azman Bin Mohamad Ayub Khan and Proposed Co-Lead Counsel for the Class*<br><br>**BRONSTEIN, GEWIRTZ & GROSSMAN, LLC**<br>Peretz Bronstein<br>(*pro hac vice application forthcoming*)<br>60 East 42nd Street, Suite 4600<br>New York, New York 10165<br>Telephone: (212) 697-6484<br>Facsimile: (212) 697-7296<br>peretz@bgandg.com<br><br>*Additional Counsel for Shah Azman Bin Mohamad Ayub Khan* |

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: _____, 2025          _____
                                                                                 The Honorable Charles Eskridge
                                                                                 United States District Judge