**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| IN RE NUTEX HEALTH INC. SECURITIES LITIGATION | Case No.: 4:25-cv-03999 |
| | Hon. Lee H. Rosenthal |
| THIS DOCUMENT RELATES TO: 4:25-cv-03999 | |

**PLAINTIFFS' RESPONSE TO DEFENDANTS'**
**NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendants' Notice of Supplemental Authority Relating to Motion to Dismiss ("Notice") (ECF No. 53) amounts to an improper sur-reply consisting of additional argument and facts extraneous to the pleadings presently before the Court, which is not allowed. FED. R. CIV. P. 12(d). Moreover, although the United States District Court for the Northern District of Georgia granted HaloMD, Inc.'s motion to dismiss in *Blue Cross Blue Shield Healthcare Plan of Georgia, Inc. v. HaloMD, Inc. et al.*, No. 1:25-cv-2919-TWT (N.D. Ga. July 10, 2026), it did so on jurisdictional grounds and pleading deficiencies. The court did not rule on the merits nor did it make any holding that would invalidate Plaintiffs' allegations of securities fraud against Defendants here. Instead, the court held only that Blue Cross Blue Shield Healthcare Plan of Georgia failed to allege necessary elements for its claims against HaloMD, which consisted of different state and federal causes of action. The fact of the matter remains that Blue Cross Blue Shield Healthcare Plan of Georgia found it appropriate to sue HaloMD based on information it had in its possession showing that HaloMD was engaging in widespread IDR fraud for the benefit of its clients (Defendants included).

More to the point, Blue Cross Blue Shield Healthcare Plan of Georgia was not alone in its

determination to sue HaloMD. The *Blue Cross Blue Shield Healthcare Plan of Georgia, Inc. v. HaloMD, Inc.* lawsuit is just one of several cases currently pending against HaloMD for engaging in fraudulent IDR practices. There are also pending investigations against Nutex for possible misuse of the IDR process. The following is a list of those actions and investigations that Plaintiffs have managed to compile to date without the benefit of formal discovery or subpoenas:

1) *Highmark Inc. v. Bromedicon, LLC, et al.*, No. 2:26-cv-01175 (June 1, 2026), where Highmark Inc. (a Blue Cross Blue Shield affiliate) sued HaloMD, LLC and others in the United States District Court for the Western District of Pennsylvania to "vacate hundreds of [IDR] insurance payment determinations involving millions of dollars that Defendants Bromedicon and HaloMD allegedly procured through fraud, undue means, and misrepresentations of fact presented to certified IDR entities ("IDREs"), and that IDREs issued in excess of their authority over disputes that were never validly subject to the federal No Suprises Act ("NSA") IDR process." A copy of the *Highmark* complaint is attached hereto as **Exhibit A**.

2) Notices of Appeal filed by Anthem Blue Cross Life & Health Insurance Co. and Blue Cross Blue Shield of Texas following dismissals on subject matter jurisdictional grounds, namely that the NSA does not allow courts to review IDR awards. *See* **Exhibit B** (Notice of Appeal, *Anthem Blue Cross Life & Health Ins. Co. v. HaloMD LLC*, No. 25-cv-01467, ECF No. 137 (C.D. Cal. Apr. 13, 2026); **Exhibit C** (Notice of Appeal, *Blue Cross Blue Shield of Texas, a Div. of Health Care Serv. Corp. v. HaloMD, LLC*, No. 25-cv-00132, ECF No. 65 (E.D. Tex. May 22, 2026).

3) *Community Insurance Company et al. v. HaloMD, LLC et al.*, No. 1:25-cv-00388, ECF No. 25 (S.D. Ohio Sept. 19, 2025) (*see* ECF No. 42 (Amended Complaint) ¶¶34-35).

"The amended complaint alleged HaloMD used artificial intelligence to flood the IDR system with ineligible disputes, with about 40% categorically invalid, and in some batches, over 80% ineligible, leading to $608,259 in improper payments in connection with 62 disputes plus $39,344 in fees, and an additional $1,040,354 on another set with $43,344 in fees. The amended complaint alleged that HaloMD's conduct involved false attestations—electronic certifications of eligibility—constituting wire fraud under 18 U.S.C. § 1343." *See id.* at ¶34. A copy of Community Insurance Company's Amended Complaint is attached hereto as **Exhibit D**.

4) Article titled "Blue Cross of Idaho Asks the Idaho Department of Insurance to Investigate [Nutex's] Post Falls ER & Hospital's Use of the Federal No Surprises Act," dated November 17, 2025 (*see* ECF No. 42 (Amended Complaint) ¶¶42-43). A copy of the article is attached as **Exhibit E**.

5) STAT News reports disclosing additional regulatory investigations into Nutex as of June 29, 2026, including regulatory agencies within the State of New Mexico. A copy of the article is attached as **Exhibit F**.

Collectively, the claims being asserted against HaloMD give rise to a strong inference that, as alleged, Defendants knew or recklessly disregarded the regulatory risk they faced by embracing HaloMD's IDR tactics. Those risks materialized into real losses for investors. Consequently, even without findings of criminality against HaloMD, Plaintiffs have still adequately pleaded their claims for securities fraud against Defendants. *See Pub. Emples. Ret. Sys. of Miss. v. Amedisys, Inc.*, 769 F.3d 313 (5th Cir. 2014) (reversing dismissal of securities fraud claims based on underlying allegations of Medicare fraud consisting of investigations only and no criminal findings).

3

Dated: July 16, 2026

Respectfully submitted,

**SPONSEL MILLER PLLC**

*/s/ Thane Tyler Sponsel III*
Thane Tyler Sponsel III
Texas Bar No.: 24056361
520 Post Oak Boulevard, Suite 310
Houston, Texas 77027
Telephone: (713) 892-5400
Facsimile: (713) 892-5401
Email: sponsel@smglawgroup.com

*Liaison Counsel for Co-Lead Plaintiffs
and the Class*

**POMERANTZ LLP**
Jeremy A. Lieberman
Texas Bar No.: 1466757
Brenda Szydlo (*pro hac vice*)
Dean P. Ferrogari (*pro hac vice*)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
Email: jalieberman@pomlaw.com
        bszydlo@pomlaw.com
        dferrogari@pomlaw.com

*Co-Lead Counsel for Co-Lead Plaintiffs
and the Class*

**LEVI & KORSINSKY, LLP**
Adam M. Apton (*pro hac vice*)
33 Whitehall Street, 27h Floor
New York, New York 10004
Telephone: (212) 363-7500
Facsimile: (212) 363-7171
Email: aapton@zlk.com

*Co-Lead Counsel for Co-Lead Plaintiffs
and the Proposed Class*

4

**BRONSTEIN, GEWIRTZ & GROSSMAN, LLC**
Peretz Bronstein
60 East 42nd Street, Suite 4600
New York, New York 10165
Telephone: (212) 697-6484
Facsimile: (212) 697-7296
Email: peretz@bgandg.com

*Additional Counsel for Co-Lead Plaintiff Shah*
*Azman Bin Mohamad Ayub Khan*

5

## CERTIFICATE OF SERVICE

I hereby certify that on this day, July 16, 2026, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

/s/ *Thane Tyler Sponsel III*
Thane Tyler Sponsel III