**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| IN RE NUTEX HEALTH INC. SECURITIES LITIGATION | Case No. 4:25-cv-03999 |
| THIS DOCUMENT RELATES TO: 4:25-CV-03999 | |

**DEFENDANTS' SECOND NOTICE OF SUPPLEMENTAL AUTHORITY**
**RELATING TO MOTION TO DISMISS**

Defendants Nutex Health Inc., Thomas T. Vo, Jon C. Bates, and Warren Hosseinion ("Defendants") provide this second notice of supplemental authority that bears on this Court's consideration of Defendants' pending motion to dismiss, ECF 47.  Pursuant to the Court's invitation at the July 17, 2026 hearing on Defendants' motion to dismiss, Defendants submit this notice of supplemental authority so that the Court may consider it in advance of its ruling on Defendants' motion to dismiss.  *See* Hr'g Tr. at 44:1–3 (July 17, 2026) ("If there is any subsequent supplemental authority that might be helpful, let me know, of course, with copies to the other side.").

On August 11, 2026, the United States Court of Appeals for the Fifth Circuit issued an opinion en banc relating to the qualifying payment amount ("QPA") payable by insurers to providers under the No Surprises Act ("NSA") for out-of-network services.  *See Tex. Med. Ass'n v. United States Dep't of Health and Hum. Servs.*, No. 23-4065, 2026 WL 2322331 (5th Cir. Aug. 11, 2026) (en banc).  A copy of that opinion is attached as **Exhibit A**.

In that opinion, the Fifth Circuit addressed the validity under the NSA of the insurers' practice of including non-negotiated "ghost rates" in their QPA calculations for out-of-network

services, along with their practice of excluding bonus and incentive payments.  A majority of the

en banc court found these practices to be improper under the NSA, and accordingly, vacated the

Department of Health and Human Services rules allowing these practices.  In doing so, the majority

found:

> The agencies' error [of allowing the use of ghost rates] has upended the NSA's dispute-resolution process.  Congress intended the QPA to serve as a focal point of provider-insurer negotiations as to which party would cover the balance of a patient's bill.  *See* 42 U.S.C. § 300gg-111(c)(5)(C)(i)(I).  Because the agencies directed insurers to include non-negotiated ghost rates, the resulting QPAs were artificially low.  How do we know?  For one, the number of arbitrations dwarfed the agencies' expectations by a factor of 84.  For two, providers prevailed in over 80% of arbitrations.  And for three, arbitrators selected a reimbursement rate higher than the QPA in a whopping 85% of arbitrations.  These statistics underscore that the agency's inclusion of artificially low reimbursement rates is contrary to the statutory text.

*Id.* at 7–8.

This finding by the Fifth Circuit is relevant to the issue of whether Plaintiffs in this action

have adequately pled scienter by Nutex and its senior management.  As noted in the parties'

briefing and as discussed at the July 17, 2026 hearing on Defendants' motion to dismiss, Plaintiffs'

theory of scienter is that HaloMD's independent dispute resolution ("IDR") results were too good

to be true and, thus, Nutex's senior management must have known that HaloMD was doing

something wrong.  The Fifth Circuit's ruling, however, clearly undercuts this theory.  It shows that

the most plausible inference from HaloMD's successful IDR results is that the insurers were

submitting lowball offers based on artificially low QPAs, so the IDR arbitrators were siding with

the providers the vast majority of the time.  This proffers further support for the United States

District Court for the Northern District of Georgia's recent ruling—addressed in Nutex's previous

notice of supplemental authority, ECF 53, and at the July 17, 2026 hearing—that it was "highly

improbable to infer" that HaloMD's successful IDR results were due to fraud; instead, it was

"highly plausible to infer" that the insurer "engages in a consistent practice of submitting lowball offers to out-of-network providers in an effort to maximize its profits." *Blue Cross Blue Shield Healthcare Plan of Ga., Inc. v. HaloMD, Inc.*, No. 25-cv-2919, 2026 WL 2017291, at *23 (N.D. Ga. July 10, 2026); *see also* ECF 53.

Accordingly, Defendants respectfully submit this supplemental authority for the Court's consideration in evaluating the pending motion to dismiss.

Dated: August 14, 2026

Respectfully submitted,

**TROUTMAN PEPPER LOCKE LLP**

*/s/ Roger B. Cowie*
Roger B. Cowie
State Bar No. 00783886
S.D. Tex. Bar No. 18886
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201
T: (214) 740-8000
F: (214) 740-8800
roger.cowie@troutman.com

Mary M. Weeks (admitted *pro hac vice*)
Bianca N. DiBella (admitted *pro hac vice*)
600 Peachtree St. NE, Suite 3000
Atlanta, Georgia 30308
T: (404) 885-3000
mary.weeks@troutman.com
bianca.dibella@troutman.com

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I certify that on August 14, 2026, I electronically filed the foregoing document with the

Clerk of the Court using the CM/ECF system, which will send notification of such filing to the

counsel who have registered with this Court.

/s/ *Roger B. Cowie*
Roger B. Cowie